IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:06cv170

ELECTRONIC DATA SYSTEMS CORPORATION,

    Plaintiff,

vs.

EDGE DESIGN STUDIOS, *d/b/a* EDS *d/b/a* EDS HOSTING,

    Defendant.

**O R D E R**

**THIS MATTER** is before the Court on the Plaintiff's motion for default judgment. Because the Court finds that personal service was not properly effected, the motion is denied.

The summons and complaint were filed in this matter on May 30, 2006. The complaint alleges that the Defendant is either a corporation or other business entity. On July 27, 2006, a process server delivered a copy of the summons and complaint to Kirsten Corsaro at 46 Acton Woods, Apartment E-3 in Candler, N.C. However, the affidavit of the process

1

server shows that Ms. Corsaro advised the server that the Defendant was no longer in business and that the owner of the business, Darryl Prusak, was not present but resided in Costa Rica.  **Affidavit of Service, filed September 14, 2006.**  There is no information within the affidavit of service or any other pleadings filed in this action concerning what relationship, if any, Kirsten Corsaro has to the Defendant.

    The Federal Rules of Civil Procedure provide that service on a corporation or unincorporated association may be accomplished according to the laws of North Carolina or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process[.]"  **Fed.R.Civ.P. 4(h)(1).**  There is nothing to show that Kirsten Corsaro was an officer, managing or general agent, or other agent authorized to receive service of process.  In fact, it is not even alleged that she was an employee of the Defendant; to the contrary, it was alleged that the Defendant had gone out of business.

    Likewise, while the North Carolina statute would allow service on the same type of agent, no such showing has been made.  **N.C.G.S. §1A-1, Rule 4.**  And, while service may be effected under the state rule by leaving

copies of the summons and complaint at the office of such an agent "with the person who is apparently in charge of the office," no such allegations are made as to either Kirsten Corsaro or the place of business. In fact, the allegations of the affidavit of service are that Kirsten Corsaro lived in the apartment and the Defendant business was not present there in any capacity. And, contained within the moving papers are allegations that the previous owner of the business is not only in Costa Rica but the Defendant has assigned its interests to a different individual who also lives in Costa Rica.

**IT IS, THEREFORE, ORDERED** that the motion for default judgment is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the entry of default by the Clerk of Court is hereby **STRICKEN**.

**IT IS FURTHER ORDERED** that on or before 15 days from entry of this Order the Plaintiff shall advise the Court in writing whether it will seek reissuance of the summons.

Signed: December 18, 2006

Lacy H. Thornburg
United States District Judge